IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| EMILIO DIAZ, | : |
| Plaintiff, | : |
| v. | : |
| | : |
| COUSINS, INC, | : |
| aka/dba J&J SOUTH PHILLY PIZZA | : |
| CESARE VILLICO | : |
| ERNESTO VILLICO | : |
| GIUSEPPE VILLICO | : |
| Defendants. | : |

CIVIL ACTION

No. 15-cv-6620-GJP

## FIRST AMENDED COMPLAINT

Emilio Diaz ("Plaintiff") brings this lawsuit against Cousins, Inc aka/dba J&J South Philly Pizza, Cesare Villico, Ernesto Villico, and Giuseppe Villico (collectively "Defendants"), seeking all available relief under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA").

## JURISDICTION AND VENUE

1.    Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over Plaintiff's PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiff is an individual residing in Philadelphia, PA.

5.    Defendant Cousins, Inc is a corporate entity headquartered in Philadelphia, PA.

6.    Defendant Cesare Villico is an individual residing in Marlton, NJ.

7.    Defendant Ernesto Villico is an individual residing in Philadelphia, PA.

8.      Defendant Giuseppe Villico is an individual residing in Evesham, NJ.

9.      Defendants operate a restaurant operating as "J&J South Philly Pizza" in Philadelphia,

PA.  Defendants employ individuals engaged in commerce or in the production of goods

for commerce and/or handling, selling, or otherwise working on goods or materials that

have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§

206-207.

10.     Defendants' annual gross volume of sales made or business done exceeds $500,000.

11.     Defendants are employers covered by the FLSA and PMWA.

## FACTS

12.     Defendants operate a restaurant operating as J&J South Philly Pizza in Philadelphia, PA.

The business prepares a variety of foods including, pizza, sandwiches, salads, pasta,

breakfast foods, and a variety of desserts.  These items are sold either at the physical

location of the restaurant or are available for catering off-site.

13.     The food and other goods used in Defendants' operation were moved in or produced in

commerce.

14.     Orders can be placed with the business in a variety of manners including on the telephone

and through various internet websites such as grubhub.com.

15.     Payments can be made at the business using, among other methods, credit cards.

16.     For approximately three years prior to November 2015, Defendants employed Plaintiff at

their Philadelphia restaurant and paid him an hourly wage.

17.     Plaintiff spent the great majority of his time preparing and cooking food as well as

performing other manual work in the restaurant's kitchen, and such activities were the

primary duty of Plaintiff's position.

18.  Plaintiff's other manual work included but was not limited to regularly receiving shipments from vendors such as Sysco who provided food and other supplies that had moved in commerce.

19.  Plaintiff was responsible for checking the contents of vendor shipments, directing delivery workers on where to unload shipments, and moving delivered packages within the restaurant to their designated locations.

20.  Plaintiff worked approximately 65-70 hours during a typical week.

21.  Plaintiff never received overtime premium compensation for hours worked over 40 per week.

22.  In failing to pay Plaintiff overtime premium compensation for hours worked over 40 per week Defendants acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

### COUNT I
**(Alleging Violations of the FLSA)**

23.  All previous paragraphs are incorporated as though fully set forth herein.

24.  The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 29 U.S.C. § 207(a)(1).

25.  Plaintiff is an employee entitled to the FLSA's protections.

26.  Defendants are employers covered by the FLSA.

27.  Defendants violated the FLSA by failing to pay Plaintiff overtime premium compensation for time spent working over 40 hours per week.

28.  In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

3

## COUNT II
### (Alleging Violations of the PMWA)

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     The PMWA requires that covered employees receive overtime compensation "not less

        than one and one-half times" the employee's regular rate of pay for all hours worked over

        40 in a workweek.  *See* 43 P.S. § 333.104(c).

31.     Plaintiff is an employee entitled to the PMWA's protections.

32.     Defendants are employers covered by the PMWA.

33.     Defendants violated the PMWA by failing to pay Plaintiff overtime premium

        compensation, for time spent working over 40 hours per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.      Unpaid wages to the fullest extent permitted under federal and state law;

B.      Liquidated damages to the fullest extent permitted under the FLSA and

prejudgment interest to the fullest extent permissible under federal and state law;

C.      Litigation costs, expenses, and attorney's fees to the fullest extent permitted under

federal and state law; and

D.      Such other and further relief as this Court deems just and proper.

_____

Date:  December 14, 2015

Michael Hollander
Community Legal Services of Philadelphia
1424 Chestnut Street
Philadelphia, PA  19102-2505
(215) 981-3794
208077

Lawyer for the Plaintiff

4