IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILIO DIAZ,<br><br>    *Plaintiff*,<br><br>  v.<br><br>COUNSINS, INC., *et al.*,<br><br>    *Defendant*. | CIVIL ACTION<br>No. 15-06620 |

**PAPPERT, J.**                                  June 7, 2016

<u>**MEMORANDUM**</u>

  Plaintiff Emilio Diaz ("Diaz") is a former employee of Cousins, Inc. ("Cousins"). Diaz alleges that Cousins failed to pay him overtime premium compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. Section 333.101, *et seq*. Cousins moves to dismiss Diaz's complaint contending that it fails to state a claim upon which relief can be granted. For the following reasons, the Court denies the motion.

**I.**

  Cousins operates a restaurant known as "J&J South Philly Pizza" in Philadelphia. (Pl.'s Am. Compl. ¶ 12, ECF No. 9.) Diaz worked at the restaurant for approximately three years prior to November 2015. (*Id.* ¶ 16.) His duties primarily included working in the kitchen performing manual labor as well as preparing and cooking food. (*Id.* ¶ 17.) He also regularly received, unloaded, inspected and moved shipments from vendors such as Sysco who provided food and other supplies. (*Id.* ¶¶ 18–19.) Diaz states that he typically worked approximately sixty-five to seventy hours per week. (*Id.* ¶ 20.) He alleges that he never received overtime premium

1

compensation for any hours worked over forty per week.  (*Id.* ¶ 21.)  Diaz contends that Cousins's failure to pay overtime compensation violates the FLSA and PMWA.  (*Id.* ¶ 22.)

**II.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "mere possibility of misconduct" is not enough.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 678 (citation and internal quotation marks omitted).  Speculative and conclusory statements are not enough.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

The court must construe the complaint in the light most favorable to the plaintiff.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal conclusions" couched as facts.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (citation omitted).

**III**.

The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (2013). The statute requires that an employer must pay any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a specified minimum hourly wage for work performed. 29 U.S.C. § 206(a). For hours worked beyond forty, an employer must pay "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

To state a claim that an employer violated the FLSA's overtime compensation requirement, a plaintiff must first allege that "an actionable employer-employee relationship" existed. *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 148 (3d Cir. 2014). The plaintiff must then establish that he is an employee covered by the FLSA's overtime wage provisions. 29 U.S.C. § 207(a). Coverage can be established if an employee is "engage[d] in commerce or in the production of goods for commerce" or if the employer is an "'enterprise engaged in commerce.'" *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 694 (3d Cir. 1994) (quoting 29 U.S.C. §§ 206–07). Once coverage is established "a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (citation and internal quotation marks omitted).

Cousins contends that Diaz failed to include sufficient factual allegations that he was engaged in interstate commerce and that he inaccurately stated the FLSA standard. (Def.'s Mot. to Dismiss ¶¶ 10, 12, ECF No. 11.) Cousins also argues that supplemental jurisdiction over

Diaz's PMWA claim should be declined because he did not sufficiently state a federal question for the Court to exercise original jurisdiction.  (*Id.* ¶¶ 20–23.)

Diaz has sufficiently alleged a plausible claim under the FLSA.  He asserts that an employer/employee relationship existed because "[f]or approximately three years prior to November 2015, Defendants employed Plaintiff at their Philadelphia restaurant and paid him an hourly wage."  (Pl.'s Am. Compl. ¶ 16.)  Diaz also sufficiently alleges facts to plausibly establish coverage of the employer/employee relationship under the FLSA.  Cousins contends that FLSA coverage can only be established through the individual employee's engagement in commerce.  (Def.'s Mot. to Dismiss ¶ 10.)  FLSA coverage however can be established through the individual employee *or* the enterprise.[1]  Here, Diaz alleges sufficient factual detail to plausibly establish coverage under the FLSA.  Diaz contends both that he "regularly receiv[ed] shipments from vendors such as Sysco who provided food and other supplies that had moved in commerce" and that Cousins engaged in commerce—including receiving and preparing food that had moved in commerce—and asserts that its gross sales "exceed[] $500,000."  (Pl.'s Am. Compl. ¶¶ 10–15, 17–19.)  Diaz has gone beyond a threadbare recitation of the statutory language and alleged sufficient facts to plausibly establish coverage by the FLSA as required by *Iqbal*.  556 U.S. at 678.

Diaz also alleges sufficient facts to state a plausible FLSA overtime claim.  *Davis v. Abington Mem'l Hosp.*, 765 F.3d at 242, mandates that "a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours."  Diaz satisfies this standard by stating, "Plaintiff worked approximately 65-70

---

[1] Prior to 1961, Cousins's assertion may have been valid. However, Congress amended the Fair Labor Standards Act in 1961 to introduce the enterprise concept making every employee who "'is employed in an enterprise engaged in commerce or in the production of goods for commerce'" covered by the statute. *Maryland v. Wirtz*, 392 U.S. 183, 188 (1968), *overruled on other grounds by Nat'l League of Cities v. Usery*, 426 U.S. 833 (1976) (quoting 29 U.S.C. § 206(a)).

hours during a typical week" and "never received overtime premium compensation for hours worked over 40 per week."  (Pl.'s Am. Compl. ¶¶ 20–21.)

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

5